IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-03486-CNS-TPO

**DAWN MAY BUNCH**,

Plaintiff,

v.

**E-GYM NORTH AMERICA, INC.; YMCA OF GREATER MONTGOMERY**,

Defendants.

---

**DEFENDANT YMCA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant, YMCA of Greater Montgomery, by and through its attorneys, Sutton | Booker | P.C., hereby submits the following Reply in Support of its Motion to Dismiss Pursuant to Rule 12 (Doc. 45):

## I. INTRODUCTION

Plaintiff Dawn May Bunch's Response confirms that her claim against the YMCA does not belong in this District. She identifies no contact of any kind between the YMCA and Colorado. She concedes that the incident occurred at the YMCA's Bell Road facility in Montgomery, Alabama. And she asks, in the alternative, that the Court transfer her claim to Alabama—a request that concedes both that this Court lacks personal jurisdiction over the YMCA and that venue does not lie here. The Response cites no authority to the contrary. It rests instead on the presence of a different defendant, E-GYM North America, Inc. ("E-GYM"), and on the hope that discovery might later supply

what her pleading lacks. Neither can rescue claims that fail as a matter of law. The Motion should be granted.

## II. ARGUMENT

### A. This Court lacks personal jurisdiction over the YMCA, and Plaintiff's Response confirms it.

#### 1. Plaintiff bears the burden and identifies no YMCA contact with Colorado.

Plaintiff, not the YMCA, bears the burden of establishing personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1069–70 (10th Cir. 2008). A corporation is subject to general jurisdiction only where it is “essentially at home”—that is, in its place of incorporation and its principal place of business. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 359 (2021). The YMCA is an Alabama nonprofit corporation with its principal place of business in Alabama, as Plaintiff's own First Amended Complaint alleges. Doc No. 7. It is therefore at home in Alabama, not Colorado. Specific jurisdiction fares no better: it requires the defendant's own purposeful contacts with the forum—contacts that are not random, isolated, or fortuitous—out of which the claim arises. *Id.* Plaintiff identifies no act the YMCA directed at Colorado, because there was none. By her own account, every act, omission, and injury occurred in Alabama.

**2. E-GYM's Colorado connections cannot supply jurisdiction over the YMCA.**

Plaintiff's principal answer is that her claims against the YMCA and E-GYM are "intertwined" and that E-GYM "operates out of Colorado." But jurisdiction is assessed defendant by defendant. The minimum-contacts inquiry looks to the YMCA's own contacts with the forum State itself, not the contacts of a co-defendant or of persons who reside there. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). A plaintiff cannot be the only link between the defendant and the forum, and neither can a co-defendant; jurisdiction over the YMCA must rest on the YMCA's own conduct. *Id*. at 285–86. That E-GYM may be amenable to suit in Colorado says nothing about the YMCA. Indeed, the Tenth Circuit has held that even an Alabama-based defendant that actually sold program memberships to Colorado businesses was not subject to specific jurisdiction in Colorado for an out-of-forum accident. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903–05 (10th Cir. 2017). The YMCA, which has no alleged Colorado contacts at all, is a far easier case.

**3. Plaintiff is not entitled to jurisdictional discovery.**

Plaintiff asks to develop jurisdictional facts through discovery rather than face dismissal. Her request fails. Denial of jurisdictional discovery is an abuse of discretion only where it prejudices the plaintiff—where pertinent jurisdictional facts are genuinely controverted or a more satisfactory showing is necessary. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002) (quoting

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977)). There is no abuse of discretion where there is a very low probability that discovery would affect the outcome. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004). Plaintiff identifies no contact between the YMCA and Colorado that discovery might uncover, and she does not dispute that the YMCA is an Alabama corporation whose facility, equipment, and staff are all in Alabama. Discovery is not a license to search for a jurisdictional basis that the allegations foreclose.

Plaintiff's Amended Complaint as to the YMCA should be dismissed for lack of personal jurisdiction.

**B. Venue is improper in this District.**

Venue lies only in a district where any defendant resides (if all defendants reside in the same State), where a substantial part of the events occurred, or—as a fallback—where any defendant is subject to personal jurisdiction, and only if there is no other district in which the action could be brought. 28 U.S.C. § 1391. Venue does not lie in Colorado as to the YMCA. The YMCA does not reside here: an entity defendant is deemed to reside only where it is subject to personal jurisdiction as to the action, and the YMCA is not subject to jurisdiction in Colorado. *Id*. Plaintiff concedes that the incident occurred in Montgomery, Alabama, so no substantial part of the events occurred in this District. And the fallback does not apply because the action plainly may be brought in Alabama. Plaintiff's remaining argument—that venue is proper as to E-GYM and that keeping the claims together promotes efficiency and avoids piecemeal litigation—again conflates the two defendants. Section 1391 requires that venue be

proper as to each defendant; convenience and efficiency do not excuse improper venue as to the YMCA.

### C. The claim cannot remain in Colorado; dismissal is the proper disposition.

Plaintiff's fallback position—transfer to Alabama rather than dismissal—concedes the heart of the Motion: that this Court lacks jurisdiction over the YMCA and that venue does not lie here. What Plaintiff cannot have is her primary request to keep the YMCA in Colorado. When a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer" it to a district where it could have been brought. 28 U.S.C. § 1406(a). Dismissal is the appropriate remedy: Plaintiff filed in a forum with no connection to the YMCA or to the events giving rise to her claim, and nothing in the record shows that the interest of justice requires preserving that choice. Should the Court elect to transfer rather than dismiss, any transfer must be to the appropriate federal district in Alabama—in no event may Plaintiff's claim against the YMCA proceed in this District.

### D. The First Amended Complaint fails to state a claim, and discovery cannot cure a deficient pleading.

Because Plaintiff's alleged injury occurred in Alabama, Alabama law supplies the elements of her negligence claim. Under Alabama law, a premises owner owes an invitee a duty to exercise reasonable care to keep the premises reasonably safe and to warn of dangers known or that ought to be known. *Burlington Coat Factory of Alabama, LLC v. Butler*, 156 So. 3d 963, 969 (Ala. Civ. App. 2014). A premises owner is not an

insurer of its invitees' safety, and no presumption of negligence arises from the mere fact of injury. *Prince v. Wal-Mart Stores, Inc.*, 804 So. 2d 1102, 1104 (Ala. Civ. App. 2001). To survive dismissal, a complaint must plead enough facts to state a claim that is plausible on its face; threadbare recitals of the elements, supported by conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Response recounts her injury and its aftermath in detail, but detail about the incident and her damages is not the same as facts showing the YMCA's breach. Neither the Amended Complaint nor the Response identifies a dangerous condition the YMCA created or knew of, or pleads facts showing that the YMCA had actual or constructive notice that the leg-press machine was unsafe. Her allegations about staff conduct—that a wheelchair was offered and declined—do not establish a breach of any duty. And her own theory attributes the malfunction to E-GYM, "which manufactured and distributed" the machine, not to any act of the YMCA. Resp. at 3. Plaintiff's stated intent to seek the YMCA's maintenance records and to establish notice through discovery only confirms the deficiency: Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570.

The out-of-jurisdiction cases Plaintiff collects do not change the analysis. None binds this Court or applies Alabama law. Most were decided at summary judgment or after trial—not on the pleadings. Plaintiff's own premises-liability example, *Leka v. HealthQuest Fitness*, in fact resulted in summary judgment for the gym based on its

position outside the chain of distribution and the lack of proof of notice—the very element missing here. Those authorities confirm, rather than cure, the Amended Complaint's failure to allege the YMCA's notice of any dangerous condition.

## III. CONCLUSION

Plaintiff's Response confirms what the Motion demonstrated: the YMCA has no contacts with Colorado, venue does not lie in this District, and the negligence claim is not plausibly pleaded under Alabama law. Plaintiff's request for discovery cannot supply jurisdiction that the allegations foreclose, and her request to transfer concedes that the claim cannot remain in this District.

WHEREFORE, Defendant YMCA of Greater Montgomery respectfully requests that the Court dismiss the First Amended Complaint as to the YMCA under Federal Rule of Civil Procedure 12(b)(2), (3), and (6); together with such further and additional relief as the Court deems just and proper.

Respectfully submitted this 17th day of August, 2026.

*/s/ Ashley R. Larson*
Ashley R. Larson
Sutton | Booker | P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
Telephone: 303-730-6204
Facsimile: 303-730-6208
E-Mail: alarson@suttonbooker.com
*Attorneys for Defendant YMCA of Greater Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2026, I electronically filed a true and correct copy of the above and foregoing Defendant YMCA's Reply In Support Of Its Motion To Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dawn May Bunch
723 Common Widgeon Way
Hopkins, SC 29061
*Pro Se*

*/s/ Tenika M. Garcia*
Tenika Garcia, Paralegal
*A duly signed original is on file at*
*Sutton | Booker | P.C.*